**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EARL WHEBY, JR., Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | CLASS ACTION |
| OVASCIENCE, INC., CHRISTOPHER KROEGER, RICHARD ALDRICH, JEFFREY D. CAPELLO, MARY FISHER, JOHN HOWE, MARC KOZIN, and JOHN SEXTON, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon

personal knowledge with respect to himself, and upon information and belief based upon, *inter*

*alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on August 9, 2018 (the

"Proposed Transaction"), pursuant to which OvaScience, Inc. ("OvaScience" or the "Company")

will merge with Millendo Therapeutics, Inc. ("Millendo").

2.      On November 6, 2018, defendants filed a proxy statement (the "Proxy Statement")

with the United States Securities and Exchange Commission (the "SEC") in connection with the

Proposed Transaction.

3.      The Proxy Statement, which scheduled a stockholder vote on the Proposed

Transaction for December 4, 2018, omits material information with respect to the Proposed

Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff

alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of

1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

5.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

7.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of OvaScience common stock.

8.      Defendant OvaScience is a Delaware corporation and maintains its principal executive offices at 9 Fourth Avenue, Waltham, Massachusetts 02451.  OvaScience's common stock is traded on the NasdaqCM under the ticker symbol "OVAS."

9.      Defendant Christopher Kroeger is Chief Executive Officer and a director of the Company.

10.      Defendant Richard Aldrich ("Aldrich") is a director of the Company.

11.      Defendant Jeffrey D. Capello is a director of the Company.

12.      Defendant Mary Fisher is a director of the Company.

13.      Defendant John Howe is a director of the Company.

14.     Defendant Marc Kozin is a director of the Company.

15.     Defendant John Sexton is a director of the Company.

16.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of OvaScience (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

18.     This action is properly maintainable as a class action.

19.     The Class is so numerous that joinder of all members is impracticable.  As of August 8, 2018, there were approximately 9,548,254 shares of OvaScience common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

20.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

21.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

22.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

23.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

24.     OvaScience focuses on developing novel treatments for women and couples struggling with infertility.

25.     On August 9, 2018, the Company announced the Proposed Transaction with Millendo.

26.     According to the press release announcing the Proposed Transaction:

OvaScienceSM (Nasdaq:OVAS) and privately-held Millendo Therapeutics, Inc., a clinical-stage biopharmaceutical company focused on developing novel treatments for orphan endocrine diseases, announced today that they have entered into a definitive agreement under which OvaScience will merge with Millendo in an all-stock transaction. The merged company will focus on advancing Millendo's pipeline of distinct and transformative treatments for orphan endocrine diseases. Upon shareholder approval, the combined company is expected to operate under the name Millendo Therapeutics and trade on the Nasdaq Capital Market under the ticker symbol MLND.

An investor syndicate that includes New Enterprise Associates, Frazier Healthcare Partners, Roche Venture Fund, Innobio managed by Bpifrance, Osage University Partners, Altitude Life Science Ventures, Adams Street Partners, and Longwood Fund has committed to invest $30 million in the combined company. This financing will help fund the further development of Millendo's lead assets, livoletide (AZP-531) and nevanimibe (ATR-101), and is expected to close before or concurrently with the completion of the merger. The total cash balance of the combined company following the closing of the merger and the financing is expected to be at least $70 million.

Millendo is leveraging its deep understanding of recent biological discoveries in endocrinology to build a strong pipeline based on its clinically-validated molecules

with differentiated mechanisms. Millendo's lead asset, livoletide, is an unacylated ghrelin analogue being developed for the treatment of Prader-Willi syndrome, a rare genetic disease characterized by hyperphagia, a chronic unrelenting hunger, that leads to obesity, metabolic dysfunction, reduced quality of life and early mortality. Livoletide demonstrated positive effects in improving hyperphagia and food-seeking behaviors in a Phase 2 study in Prader-Willi syndrome and is expected to advance into a pivotal Phase 2b/3 study in the first quarter of 2019. Millendo is also developing nevanimibe, an ACAT1 inhibitor for the treatment of two orphan adrenal diseases: classic congenital adrenal hyperplasia (CAH) and endogenous Cushing's Syndrome. Nevanimibe demonstrated positive proof-of-concept and a favorable safety profile in an open-label Phase 2 trial in CAH and is expected to advance into a Phase 2b study in the third quarter of 2018. . . .

About the Proposed Transaction
On a pro forma basis and based upon the number of shares of OvaScience common stock to be issued in the merger, current OvaScience shareholders will own approximately 20% of the combined company and current Millendo investors will own approximately 80% of the combined company (before accounting for the additional financing transaction). The actual allocation will be subject to adjustment based on OvaScience's net cash balance at the time of closing and the amount of any additional financing consummated by Millendo at or before the closing of the merger. The transaction has been approved by the board of directors of both companies. The merger is expected to close in the fourth quarter of 2018, subject to the approval of OvaScience shareholders at a special shareholder meeting, as well as other customary conditions.

Ladenburg Thalmann & Co. Inc. is acting as financial advisor to OvaScience for the transaction and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. is serving as legal counsel to OvaScience. Cooley LLP is serving as legal counsel to Millendo.

Management and Organization
The combined company will be led by Julia Owens, Ph.D., Millendo Chief Executive Officer and President, and will be headquartered in Ann Arbor, Michigan. The board of directors is expected to be composed of seven members, including current Millendo board members Carol Gallagher, Pharm. D., Mary Lynne Hedley, Ph.D., Jim Hindman, Carole Nuechterlein, J.D., Julia Owens, Ph.D., and Randy Whitcomb, M.D., and current OvaScience board member, John Howe, M.D.

27.   On November 1, 2018, the Company issued a press release providing an update on

the Proposed Transaction, stating:

OvaScienceSM (Nasdaq:OVAS) and privately-held Millendo Therapeutics, Inc., a clinical-stage biopharmaceutical company focused on developing novel treatments for orphan endocrine diseases, today announced that the companies have updated

the terms of their merger agreement and increased the size of the associated financing, strengthening the position of the combined company.

Great Point Partners has joined the previously-disclosed investor syndicate, which includes New Enterprise Associates, Frazier Healthcare Partners, and Roche Venture Fund, among others, bringing the total expected proceeds of the financing to approximately $50 million in the combined company, at the same valuation as the merger. Together with the approximately $37 million in net cash expected from OvaScience at closing, the total proceeds of the merger and financing are expected to be approximately $87 million. The proceeds will fund the further development of Millendo's lead assets, livoletide and nevanimibe. The financing and merger are expected to close in the fourth quarter of 2018. . . .

Updates to the Proposed Transaction
In conjunction with the additional investment by Great Point Partners, the estimated exchange ratio in the merger agreement has been revised, giving OvaScience securityholders greater ownership of the combined company – now with a post-money valuation of approximately $246 million - than pursuant to the former exchange ratio. On a pro forma basis, current OvaScience securityholders will own approximately 17% of the combined company, current Millendo securityholders (assuming the Millendo option pool is fully allocated) will own approximately 63% of the combined company (exclusive of participation in the associated financing), and investors participating in the financing will acquire approximately 20% of the combined company, in each case excluding the available OvaScience option pool and certain out-of-the-money options and subject to adjustment based on OvaScience's anticipated net cash balance at the time of closing. The proposed transaction has been approved by the boards of directors of both companies and is expected to close in the fourth quarter of 2018, subject to the approval of OvaScience shareholders at a special shareholder meeting on December 4, 2018, as well as other customary conditions. The financing with Great Point Partners depends on a separate registration statement being declared effective unless such condition is waived.

28.     On November 6, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

29.     As set forth below, the Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for December 4, 2018, omits material information with respect to the Proposed Transaction.

30.     The Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Ladenburg

Thalmann & Co. Inc. ("Ladenburg").

31.     With respect to Landenburg's Discounted Cash Flow Analysis as of the Date of the August Opinion, the Proxy Statement fails to disclose: (i) the definition of, and all line items used to calculate, unlevered free cash flow; (ii) the "internal financial analyses, projections as to cost and expenses, reports, preliminary internal market opportunity assumptions and other information concerning Millendo prepared by the management of Millendo, as well as projections for Millendo prepared by the management of OvaScience as adjusted and provided to Ladenburg Thalmann by management of OvaScience"; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 14% to 16%.

32.     With respect to Landenburg's Discounted Cash Flow Analysis as of the Date of the October Opinion, the Proxy Statement fails to disclose: (i) the definition of, and all line items used to calculate, unlevered free cash flow; (ii) the "internal financial analyses, projections as to cost and expenses, reports, preliminary internal market opportunity assumptions and other information concerning Millendo prepared by the management of Millendo as well as projections for Millendo prepared by the management of OvaScience as adjusted and provided to Ladenburg Thalmann by management of OvaScience"; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 14% to 16%.

33.     The Proxy Statement fails to provide adequate information regarding Landenburg's removal of Insmed Incorporated from its Analysis of Selected Publicly Traded Companies as of the Date of the October Opinion, after including that company in its Analysis of Selected Publicly Traded Companies as of the Date of the August Opinion.

34.     The Proxy Statement fails to disclose Landenburg's basis for increasing the enterprise value of the Wilson Therapeutics AB/Alexion Pharmaceuticals, Inc. transaction from

$693.5 million in its Analysis of Selected Precedent Transactions as of the Date of the August Opinion to $788.4 million in its Analysis of Selected Precedent Transactions as of the Date of the October Opinion.

35.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36.     The Proxy Statement also omits material information regarding potential conflicts of interest of the Individual Defendants.

37.     The Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

38.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

39.     The Proxy Statement further fails to disclose whether the Board evaluated potential conflicts of interest presented by Individual Defendant Aldrich, the Company's purported "Lead Independent Director," serving as a manager of Longwood Fund III GP LLC, which is the general partner of Longwood Fund III, LP., which "has agreed to purchase $662,933.33 of shares in the Pre-Closing Financing, and to have $241,066.67 of unsecured convertible Promissory notes issued to it by Millendo cancelled as part of that financing" (the "Longwood Agreement").  Similarly, the

Proxy Statement fails to disclose the extent to which Aldrich participated in the discussions and negotiations regarding both the Proposed Transaction and the Longwood Agreement.

40. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Opinion of the OvaScience Financial Advisor as of August 8, 2018; (iii) Opinion of the OvaScience Financial Advisor as of October 26, 2018; (iv) Financial Projections; and (iv) Interests of the OvaScience Directors and Executive Officers in the Merger.

41. The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and OvaScience

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. OvaScience is liable as the issuer of these statements.

44. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

45. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

46.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

47.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

48.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

50.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.     The Individual Defendants acted as controlling persons of OvaScience within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of OvaScience and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

54.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

55.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  November 16, 2018                  **RIGRODSKY & LONG, P.A.**

                                           By:  */s/ Gina M. Serra*
                                                Brian D. Long (#4347)
**OF COUNSEL:**                                 Gina M. Serra (#5387)
                                                300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**                                Wilmington, DE 19801
Richard A. Maniskas                             Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300                 Facsimile: (302) 654-7530
Berwyn, PA 19312                                Email: bdl@rl-legal.com
Telephone: (484) 324-6800                       Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                          *Attorneys for Plaintiff*